Good morning, Your Honors. My name is Kenneth Parker of Teuton-Lewin Parker, here for the appellant in the plaintiff below, Valerie Spates-Moore, who's sitting in the courtroom behind me today. And the issue that this appeal presents is whether – two issues, essentially. One, what must a moving party do in the context of a motion for relief to require the examination of the facts under Rule 60B? And the second question is whether, in the event the Court decides in Ms. Spates-Moore's favor on the first issue, whether she, in fact, showed the required facts to obtain relief below, and whether the district court views this discretion under Rule 60B-1 or Rule 60B-6. In reviewing the briefs, I believe this case, as I mentioned to Mr. Pintus before, oral argument is well briefed. But I did go back and read the cases on the first procedural issue, and that is, is there precedent in the Ninth Circuit as well as in the Supreme Court for a court considering other subsections of Rule 60B when the moving party has, in fact, not specifically and expressly invoked them? As this Court will recall, the attorney, Mr. Cooper, filed a notice of motion and motion to set aside summary judgment order in consolidated cases. And that's in the record at page 240. In his notice, he didn't mention any legal standard at all. Then in his memorandum of points of authority, he cited Rule 60B-3 and asserted fraud in the service of the summary judgment papers. The issue, then, is whether that citation, captioning of the motion and the citation of Rule 60B, is enough to allow this Court to rule that the district court should have looked at all subsections of Rule 60B. And I think it is. And the best precedent for that is McKinney v. Boyle, 404 F. 2nd, 632. In that case, a husband sought relief under Rule 60B, subsection 3, for fraud of his wife and his alleged attorney in obtaining a settlement and dismissing a case with prejudice. The husband had been incarcerated, and he came into court, and he showed via declaration that, and he asserted that the wife and the attorney had conspired together to settle his case and obtain settlement proceeds. So he did not cite any subsection, according to the opinion, other than subsection 3, which is related to fraud. The precedents in the Ninth Circuit and most circuits have noted that the fraud of subsection 3 relates to fraud of an adversarial party. The fraud that the husband was asserting was not fraud of the opposing attorney in the case, but rather fraud of his wife and his wife's attorney. And the court held that subsection 3 did not apply, but turned to the catch-all section, the other reason section of subsection 6 of Rule 60B, and analyzed the facts under that subsection. And that case is still good law in the Ninth Circuit, and I believe that is what should happen here. Mr. Cooper filed a notice of motion, a motion to set aside summary judgment. He cited Rule 60, albeit he did not cite the subsection 6 or subsection 1 that I believe most accurately fit the facts in this particular instance. And as this question raises. Yeah, and he would not have the incentive to argue to the judge his own gross negligence. No, he absolutely would not. And that's the problem I see with this case. Although you do have to get over the hurdle of whether or not the district court, Judge Carter, should have considered that. I mean, he actually lists, he recites a lot of the problems with how Mr. Cooper's representation was deficient. But it doesn't occur, doesn't seem to occur to him, and Mr. Cooper certainly didn't argue that it was so grossly negligent that relief should be granted. No, Mr. Cooper did not make that argument. And I do consider it ironic, although I think it's very patently obvious that it was not planned, that Mr. Cooper's own papers, and in fact the opposition papers to the motion are what demonstrate what I believe is very obvious level of gross negligence on his part. He had no incentive to present the argument. And I think, Your Honor, you posited the question precisely. Should district courts, when faced with a record in the context of a motion which has invoked Rule 60, either by citing Rule 60 or by saying this is a motion to set aside an order or a motion to set aside default, should the district court be looking at all the subsections as opposed to the single subsection that the moving party cites? And really, that is exactly what the McKinney court did. And in Bateman v. U.S. Postal Service, the court noted that the moving party had cited Rule 60b-1 but had not actually analyzed the four-factor equitable test for excusable neglect that had been established by this court in Briones. Do you think this is excusable neglect? I don't. I think that it's inexcusable neglect, and it's so inexcusable that it rises to the level of gross negligence. My position on excusable neglect is only based primarily on the fact that it's predictable that the U.S. Postal Service would argue excusable neglect combined with delay in actually moving for relief. I believe that the, as Taney has pointed out, Community Dental Services v. Taney has pointed out, you've got gross negligence and you've got excusable neglect, and they don't overlap under Rule 60 analysis. And so I know for a fact we've got negligence here. The only question is whether it's gross negligence, excusable negligence, and I suppose there's a theoretical possibility that there's a small third area of inexcusable non-gross negligence. But my belief, Your Honor, is that it is gross negligence. And, in fact, primarily it's the U.S. Postal Service that's arguing that it's excusable negligence or simple negligence. I don't know if you can impute it to the client, but maybe you would say as to the client, it was excusable neglect because she was relying on her attorney to do an adequate job of representing her, which he didn't do, failed to comply with a number of rules, basically abandoned her. And so it was excusable as to Ms. Bates more, but not excusable as to the attorney's behavior. I think that's – I think Your Honor has stated that correctly, although I'd have to say that the Ninth Circuit historically, when that happens, as in the Taney case, has really put it under the rubric of gross negligence and Rule 60b-6. Logically and analytically, one could separate the attorney from the client, which is also a theme of these cases, and say that because the client could not have reasonably known how bad the attorney was mishandling the file, that the party, the client, has shown excusable neglect. And one could just as easily analyze it under that rubric, although I can't recall a case precisely that's chosen to analyze it that way, rather than the way that the Taney court analyzed it. The key was, as Your Honor pointed out, that there is a point, albeit far down the road and very far in the spectrum, at which a civil litigant will not be held responsible for the negligence of the attorney. And that is where the gross negligence, that is number one in cases usually of default, in which the policies in favor of resolution on the merit apply. And then second, in cases in which the attorney's negligence becomes so gross that effectively the client doesn't really have a lawyer anymore. The problem with cases like that is that the district judge who should rule on the motion doesn't have knowledge of what's been going on. That's this case. You don't find out about the gross negligence until you get up on appeal. And it's contrary to the usual procedure where an issue needs to be addressed in the district court before it gets up on appeal. So here, the district court had no way of knowing that she'd been essentially abandoned and that Cooper was about to be found incompetent. So he couldn't address it. So it's a strange kind of a procedure to look at 60 v. 6 for the first time on appeal. Isn't that true? I think it is unusual, Your Honor, but this Court has done it. And they've done it in unusual circumstances. And I will point out that these cases, I guess I'll point out, I will point out two things. Number one, these cases almost always involve the kind of facts where one reads them and you say that they're almost unbelievable in the sense. And that's true of Clackrod, which really involved a German immigrant who got his citizenship and he was incarcerated during World War II and they revoked his citizenship. He had written a letter to the ACLU asking them to answer his civil suit to revoke his citizenship. The FBI seized the letter. And that was the kind of situation that that gentleman had. So the first point I would make is this is a very narrow area where it involves a default and gross negligence or circumstances that are so astounding as to create a very narrow rule. So that's point one. Point two is I have to quibble a little bit with what Your Honor said. Mainly the gross negligence in this case, setting aside the bar seizure of his records, which I did request judicial notice of that, but I do believe is not a required element to show that gross negligence was patently obvious from the file in front of the district court when it ruled. The main evidence of gross negligence is Mr. Cooper's own file, own filing. The docket in the case showing his failure to comply with rules and failure to meet deadlines. And then Mr. Pincus, the U.S. Postal Service's own declarations from material witnesses in which they established that he forgot conversations and couldn't recall that they occurred. There was a Postal Service employee who came by his office every day for two weeks and never saw him, saw mail piling up and said that in many cases he didn't check his mail for two weeks. And then with – and obviously I don't have any ill will toward Mr. Cooper, but with respect to his own motion, his own papers and the type of arguments he made in front of the Court, really reveal that his level of advocacy was well below, not just slightly below, but well below the standards that a court would expect. Kennedy, what would you like for us to do? I suppose you want us to reverse and remand. I do, Your Honor. And if we remand, what would be the purpose of it? I think the remedy, Your Honor, would be remand with instruction to vacate and allow Ms. Spates more to file her opposition. And in that context, it's possible that her new counsel might move for relief under Rule 56 to conduct some additional discovery. I really haven't – I wouldn't be handling that if it got remanded. Or another possibility would be to remand for the district court to consider anew the 60B based on arguments as to 60B-6 and the judicially noticed date, court records, and let him make the decision himself about whether, given this additional material and knowledge now about the state, that the – you know, his decision that there was an untimely or a failure – his denial – I mean, his granted summary judgment was based on untimeliness. And now we know why. And maybe he would want to reconsider that in his own – in the first instance rather than having us do that. I think fairly stated, since we have at least one district court judge, all district court judges would like to have another shot at it rather than having an appellate court send it back down. The Ninth Circuit has in cases in this context, like in Taney, just sent it back down with instructions to vacate and proceed. And the analysis in Taney, which was over a dissent, was that the result shouldn't be any different on remand than it would be. So that to move the case along, the Ninth Circuit would order that the original judgment be vacated. I would confess to you that that's unusual and also perhaps what the best result would be here is if the court does feel that it's not efficient for the district court to reanalyze the situation and if this court is not going to grant the request for judicial notice and look at what happened with the bar afterwards to remand that back, if it feels that the district court should be able to look at that information. I do think that there is ample evidence that Mr. Cooper was doing a job as bad as the lawyer in the Taney case. And the evidence to me is very eerily parallel in terms of what was happening, in terms of the client not really getting a lawyer but thinking they had one. So the preferred remedy for me would be remand with orders to vacate and proceed. But I'm sure that Judge Carter would obviously decide the matter as he thought was fair if it got remanded to him for reconsideration. And I'm well over my time. If no one has any more questions. Thank you. Good morning, Your Honors. I'm Assistant United States Attorney David Pincus, and I represent the defendants Postmaster General and Postal Employees Jesse Vargas, Jeff Aiello, and Gene Hanna. This is not a de novo appeal of summary judgment. The time for appeal has passed. The standard here is whether the district court abused its discretion, excuse me, in denying relief from judgment under Rule 60B based on the record and based on the arguments that were presented to the district court. The district court did not abuse its discretion by not considering arguments that were never made to it or considering facts that hadn't even occurred yet. It was also not an abuse of discretion to deny Spates Moore relief from judgment because her motion was not brought within a reasonable time. Spates Moore waited over two months once her attorney learned of the summary judgment, passed the scheduled pretrial date, passed the trial date, passed the time for appeal, and he offered no excuse for the delay other than to say that he didn't believe there was any point in doing so. This isn't a case where the attorney was out of the country, as in the Bateman case, I believe, or in hospital. The attorney just concluded there was no defense to summary judgment. Given the record in this case, and you have seen Ms. Spates Moore's deposition testimony, this wasn't an unreasonable conclusion. Now, many courts have found the delay of two or more months is unreasonable under Rule 60C. So it can't be said that Judge Carter abused his discretion in finding the delay was unreasonable, particularly given the lack of any explanation. Again, we have to look at what the district court knew and not some new record that was created after the fact. Ms. Spates Moore's main argument seems to be that her former attorney, Mr. Cooper, was later found to be incompetent and suspended by the State Bar in 2006, but the summary judgment was issued in 2004, and the orders on appeal were issued in early 2005. In other words, Spates Moore is bringing a new motion for the first time on appeal under Rule 60B-6 based on new facts. And these are facts that the defendant never had an opportunity to rebut and to develop our own record. I personally saw Ms. Spates Moore and Mr. Cooper working together. I know how closely they worked together. Whatever Mr. Cooper was, and I don't necessarily agree with you. Are you going beyond the record? Excuse me? Are you going beyond the record? I shouldn't do that, Your Honor, but that's the point. We don't have a record, and so I don't think it would be appropriate for this Court to do that. We don't have to decide this case, though, on what is before us, don't you think? Yes, Your Honor. But at least in fairness, I think that this Court's precedents show that the Court should not consider new factual issues for the first time on appeal. It sometimes does consider new legal issues, but there shouldn't be consideration of new factual issues, particularly where the defendant is prejudiced. And I never had an opportunity to rebut these charges that Ms. Spates Moore, for example, didn't know what Mr. Cooper was and what kind of services she was getting. That's my only point. But I hear plaintiff's counsel argue that there was ample evidence in the record if it was, you know, paid attention to or properly argued before the district court that would demonstrate that Mr. Cooper had abandoned her. I mean, for example, failure to file an opposition to the summary judgment, which was the reason it was granted. I mean, and also his failure to remember conversations that he had with you about the meet and confer. And I gather that he failed in several respects, and that was all recited in Judge Carter's order and held against the plaintiff when he was analyzing the Rule 60B motion. Well, Your Honor, I would not argue that Mr. Cooper was a good lawyer, but there seems to be the suggestion that there's an instance of bad lawyering. This triggers some sua sponte duty on the part of the district courts to scour the record and investigate possible incompetence. I just think that's an intolerable burden on the district courts. I don't think that's what Tanny said. I think what it said was you consider, when you bring a Rule 60B motion, you consider all the grounds. You don't just consider the particular subsection under which it was brought. Well, Your Honor, in Tanny, there was a case where the attorney really did abandon the client, and he deceived his client. He actively deceived her, and that was in the record. He failed to answer the complaint despite repeated court orders to do so over one year. In fact, he even told the court that he had served it when he hadn't. In these consolidated cases, Mr. Cooper filed complaints. He answered them. He amended them. I'm sorry. He amended the complaints. He did file oppositions to motions. He didn't file an opposition to this summary judgment because he didn't receive  That's not quite the same thing. No, no, no, no, no. You submitted evidence that he did receive it. No, he received the notice. He didn't go to the post office to pick it up. That was what was inexcusable, but he didn't actually have the papers until toward the end. But your position was that he had ample notice of the existence of the summary judgment, and he didn't go to get it, which any competent attorney would have done. Well, I think it's unreasonable not to go to the post office for several weeks to pick up your mail. I can't argue that. But Mr. Cooper did take depositions. He defended depositions. He produced hundreds of pages of documents in response to our discovery request in the original action. He cooperated in stipulations. He may not have been a good lawyer, but he didn't abandon his client like the attorney in Taney. Not every instance of bad lawyering is remediable, even under Rule 6dB. I mean, what I'm hearing, though, is that, well, if it's excusable neglect, then you get relief under 6dB1. And if it's anything worse than that, you get relief under 6dB6, and then maybe there's some little group of cases where you — where it isn't remedial under either one. I don't think that could possibly be the law. I think the large group of cases are in the middle where there just isn't a remedy, even if the lawyering is bad. Also, in the Taney case, this issue was raised before the district court in the first instance. And as the First Circuit said in the KPS case, that is a distinguishing factor. I understand that you are — you seem inclined to remand this case to the district court, but I think that Ms. Batesmore already had the opportunity to take this case back to the district court and raise this issue, either by dismissing this appeal or by employing the so-called Croteo procedure. And she didn't do that. I do think that if you're going to remand this case to the district court to consider the 6dB6 issue or to dismiss the appeal with — my approach, my preferred approach would be to affirm the appeal, because there really was no abuse of discretion based on the information before the district court, to give — to do it without prejudice to allow Ms. Batesmore to go back to the district court and raise the 6dB issue if she wishes. But I would like to ask for one thing, that there be a requirement that she demonstrate to the district court a meritorious defense to each of the consolidated cases. In traditional cases, I know that that was routinely done. I understand that in the last year or so, there have been a number of courts that have not required that. But I think in this case, we cannot presume that there is merit to this case, because the deposition testimony to Ms. Batesmore shows that. And I don't — I think there should be a determination by Ms. Batesmore's new legal representative, whoever that will be, that there — under Rule 11, there really is something to litigate here. Otherwise, we're just prolonging a frivolous case. Breyer. If this was a default judgment, then we would do what you're suggesting. We'd see if there's merit or — but it wasn't. It was summary judgment. Yes, Your Honor. Does that make a difference? Apparently, it does to some courts. I know that you issued a concurring opinion recently where you made that distinction. But I — but the life of me don't understand that. I mean, either way, there's a — I wish I understood the distinction. Is the distinction that it's a defendant as opposed to a defendant? The reason I'm laughing is because I don't know whether you're being critical of me or whether you're recognizing your own lack of ability to understand. I think the second. I think the second. I saw that, and I was trying to understand the distinction, and I think to myself, I must be missing something because I don't understand the distinction. The reason there's a difference on summary judgment, you haven't put forth a defense. You haven't done anything. So you don't know what the court's going to do. When you do it on a default judgment, both sides have had their moments, and there's been a default interest. Some decision has been made. Summary means just that. At least in my view, summary may have a different definition than yours. Well, I think that under the circumstances here, though, we have her deposition testimony. So there is no — you know, I understand that there's a presumption sometimes to decide cases on their merits, but doesn't that presuppose that there is merit? But, you know, what you do have is if he were to grant relief from the grant of summary judgment, what you would have is that she would now have to file her opposition to your summary judgment, and then the district court could decide whether there was any merit. But, Your Honor, what if the new legal representative decided just as Mr. Cooper did that there wasn't any point, that there really was nothing he could say? No, that's not fair to attribute that. I mean, given what we know about Mr. Cooper. Well, Your Honor, we know that Mr. Cooper was found incompetent in 2006. We don't know. They're giving a lot of emphasis on out-of-court statements. They're wrong emphasis, really. Your Honor, not every attorney — there's sometimes this presumption that an attorney has to say something in opposition to summary judgment. But really, why? If there really is nothing to defend, then why should we be encouraging people to file — Well, he could file a statement of non-opposition that would show that he at least really thought about it. Or he could withdraw his counsel and let her get a counsel who thinks she has something, if she thinks she has something. I would agree with you that we don't know what's going to happen. But the suggestion is not that we remand and vacate. The suggestion is that we remand for consideration. Well, you certainly have the power to do that. Well, thank you. I can't argue that you don't. But I just think it would be better to have that little check on the system where we actually have an attorney making a determination that there really is a meritorious claim here before we do that. Attorney, I think the judge is in the best position to do that. Well, the attorney should be an advocate for his client. True, Your Honor, but the judge should be disinterested, listen to both advocates in making a call. That's right. But I think we've, I mean, in some of these cases, there's not really a good showing on summary judgment. I think we did make a good showing on the summary judgment. I mean, I really don't think there is a meritorious defense here. That's why I'm concerned that we're just prolonging a frivolous case. And you're a very good advocate on behalf of the Postal Service. But that's, your judgment is based on nothing on the other side. Right? Anyway, you're over your time. Does anyone have any questions? Okay. Thank you. Thank you. Okay. Statesmore v. Harrison is submitted. We'll take up Beatty v. Credential Insurance Company.
judges: Farris, Wardlaw, Schwarzer